**Liu Mei JIANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 03–4603–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 15, 2005.

---

1. Pursuant to Federal Rule of Appellate Pro-

cedure 43(c)(2), Attorney General Alberto R.

Karen Jaffe, New York, New York, for Petitioner.

Ronald J. Tenpas, United States Attorney; Kevin F. Burke, Assistant United States Attorney for the Southern District of Illinois, Fairview Heights, Illinois, for Respondent.

PRESENT: WALKER, Chief Judge, CALABRESI, and POOLER, Circuit Judges.

## SUMMARY ORDER

Liu Mei Jiang, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted)). While we afford "particular deference" to an adverse credibility determination, *Zhou Yun Zhang*, 386 F.3d at 74, that determination will not satisfy the substantial evidence standard if it is based on flawed reasoning, such as speculation or conjecture, *Secaida–Rosales*, 331 F.3d at 307, 312.

In this case, the BIA suggests that, while Jiang may have had an abortion, she did not demonstrate that it was involuntary. The BIA's decision that Jiang's

Gonzales is automatically substituted for former Attorney General John Ashcroft as a re-

spondent in this case.

abortion was not forcible is based on errors of law and is unsupported by the record. To the extent that the BIA's decision rests on a lack of corroborating evidence, its failure to point to specific pieces of missing, relevant documentation and show that this documentation was reasonably available, is a sufficient ground to vacate the BIA's order and remand the case. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003). Here, the BIA rejected the statements of Jiang's father and boyfriend who had witnessed the events preceding the abortion (stating that Jiang had been "forcibly" taken to the hospital), but did not specify the type of evidence that would serve to further corroborate the coercion. Moreover, the BIA's rejection of Jiang's testimony as insufficiently detailed was incorrect as a matter of law. *See Jin Chen v. DOJ,* 426 F.3d 104, 114 (2d Cir.2005). Because Jiang's testimony was specific as to the essential facts, that she had been coerced by government officials to have an abortion, her testimony was "sufficiently specific" to establish past persecution. *Id.*

To the extent that the BIA found it implausible that the Chinese authorities ordered an abortion, this was inconsistent with its finding that it was not necessarily implausible that the authorities would order an IUD insertion when they discovered Jiang co-habited with her boyfriend. As Jiang testified, both the IUD insertion order and forced abortion arose from the same incident.

Additionally, the BIA's reliance on the 20 minutes "in the hospital" issue is flawed because it misstates the record and hinges on speculation and conjecture. Jiang testified that the *procedure itself* lasted "a bit over 20 minutes." The BIA did not consider that Jiang was arguably, and with good reason, uncertain about the time period since she testified she became "so muddle headed, [she] didn't know what was going on." Nor did it consider that an abortion procedure might, in fact, take only 20 minutes.

Lastly, the rationale behind the BIA's claim that Jiang had been "emotionally stable enough" to request an abortion certificate is unclear. The BIA appears to speculate that only a person who had undergone a *voluntary* abortion would or could readily request an abortion certificate. However, Jiang indicated her opposition to the abortion when she testified that she felt "so sad and weeping" and that the operation was "one of the saddest things."

For the foregoing reasons, the petition is GRANTED, the BIA's March 2003 decision is VACATED, and the case is remanded for further proceedings consistent with this decision.